## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| In re: Jeffrey J. Prosser, | Bankruptcy No. 06-30009 |
|  | Chapter 7 |
| Debtor. |  |
|  |  |
| STAN SPRINGEL, CHAPTER 11 TRUSTEE OF THE ESTATE OF INNOVATIVE COMMUNICATION CORPORATION, AND JAMES P. CARROLL, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JEFFREY J. PROSSER, | Adv. Pro. No. 07-03010 |
|  | Civil Action No. 2013-0087 |
|  | Civil Action No. 2013-0057 |
|  | Civil Action No. 2013-0056 |
|  | Civil Action No. 2013-0010 |
| Plaintiffs/Appellees, |  |
| v. |  |
| JEFFREY J. PROSSER, DAWN PROSSER, JUSTIN PROSSER, MICHAEL PROSSER, SYBIL G. PROSSER, MICHELLE LABENNETT, AND LYNDON A. PROSSER, |  |
| Defendants/Appellants. |  |

**Attorneys:**
**Yann Geron, Esq.,**
**William H. Stassen, Esq.,**
**Samuel H. Israel, Esq.,**
Philadelphia, PA
*For the Plaintiff/Appellee James P. Carroll, Chapter 7 Trustee*

**Robert F. Craig, Esq.,**
Omaha, NE
**Norman A. Abood, Esq.,**
Toledo, OH
**Lawrence H. Schoenbach, Esq.,**
New York, NY
*For the Defendant/Appellant Jeffrey J. Prosser*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Appellant Jeffrey J. Prosser's Motion to Disqualify, wherein Mr. Prosser seeks to disqualify the attorneys that represent the Chapter 7 Trustee in this matter (Dkt. No. 26); the Trustee's Response (Dkt. No. 32); Mr. Prosser's Reply (Dkt. No. 34); and the Trustee's Supplement (Dkt. No. 46-1). For the reasons discussed below, the Court will deny the Motion.

### I. BACKGROUND

In his Motion, Mr. Prosser argues that the Court should disqualify the Trustee's named attorneys, who are admitted *pro hac vice*, and their law firm, Fox Rothschild, LLP, pursuant to Local Rule 83.1(b)(2). That Rule provides in pertinent part that "[a]n attorney may be admitted *pro hac vice* in no more than a total of three (3) cases in any calendar year and may not be further admitted at any time if such attorney is then admitted *pro hac vice* in three (3) active cases regardless of when such admissions occurred." LRCi 83.1(b)(2). Mr. Prosser also relies on the Supreme Court of the Virgin Islands' interpretation of its own rule regarding *pro hac vice* admissions. (*See* Dkt. No. 26 at 3).

The Trustee opposes Mr. Prosser's Motion on the grounds that: (1) the cases in which the named attorneys and their law firm have appeared are primarily "adversary proceedings" arising from related bankruptcy cases; (2) Mr. Prosser has waived any objection to the *pro hac vice* admissions; (3) the Supreme Court of the Virgin Islands has no authority to regulate the practice of law in this Court; and (4) disqualification would greatly prejudice the Trustee at this stage of the proceedings. (*See* Dkt. No. 32).

## II. DISCUSSION

### A. Applicable Legal Principles

"A motion to disqualify counsel requires the court to balance the right of a party to retain counsel of his [or her] choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *Mendez v. Puerto Rican Int'l Cos.*, 2013 U.S. Dist. LEXIS 84024, at *8 (D.V.I. June 12, 2013) (quoting *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 361, 363, 46 V.I. 213 (D.V.I. 2004) (internal quotation marks omitted)). "Because motions to disqualify seek to deprive the opposing party of their counsel of choice, and may be motivated by tactical concerns, they are generally not favored." *Id*. at *9 (quoting *Jackson v. Rohm & Haas*, 2008 U.S. Dist. LEXIS 65632, at *5 (E.D. Pa. Aug. 26, 2008) (internal quotation marks omitted)). In fact, "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Prosser v. Nat'l Rural Utils. Co-op Fin. Corp.*, 2009 U.S. Dist. LEXIS 47744, at *6 (D.V.I. June 8, 2009) (quoting *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (alteration in original)). The party seeking disqualification "bears the burden of clearly showing that the continued representation would be impermissible." *Mendez*, 2013 U.S. Dist. LEXIS 84024, at *8 (quoting *Lamb*, 333 F. Supp. 2d at 364) (internal quotation marks omitted)).

### B. Analysis

The instant action is a consolidated appeal arising from a contempt order issued by the Bankruptcy Court for the District of the Virgin Islands, *Springel v. Prosser (In re Prosser)*, 2012 Bankr. LEXIS 4332 (Bankr. D.V.I. Sept. 18, 2012), and the Bankruptcy Court's efforts to enforce that order. The attorneys that Mr. Prosser now seeks to disqualify have represented the

Trustee in the Bankruptcy Court since as early as the first half of 2008. *See In re Prosser*, 3:06-bk-30009-MFW, Order Granting Admission Pro Hac Vice of Yann Geron (Bankr. D.V.I. March 18, 2008), Bankr. Dkt. No. 1446; Order Granting Motion to Appear Pro Hac Vice for Samuel H. Israel, Fox Rothschild, LLP (Bankr. D.V.I. Apr. 15, 2008), Bankr. Dkt. No. 1532; Order Granting Motion to Appear Pro Hac Vice for William H. Stassen (Bankr. D.V.I. May 16, 2008), Bankr. Dkt. No. 1647.[1] The same attorneys filed, on behalf of the Trustee, the motion for contempt and sanctions that resulted in the contempt order at issue in this case. *See In re Prosser*, 3:07-ap-03010-MFW, Motion to Enforce Turnover Order, for Contempt and Sanctions, Bankr. Dkt. No. 756 (Aug. 4, 2011).

In the instant Motion, Mr. Prosser states that he "moves the Court to disqualify Fox Rothschild and all individual member attorneys thereof from participation in this case for the unauthorized practice of law in light of the Virgin Islands Supreme Court's recent clarification of Virgin Islands Supreme Court Rule 201." (Dkt. No. 26 at 2) (citing *In re Shores*, 59 V.I. 994 (V.I. 2013)); (Dkt. No. 34 at 2-4).[2] Plaintiff contends that because "various Fox Rothschild attorneys have appeared in more than 3 cases, . . . pursuant to the Virgin Islands Supreme Court's holding in *In re Shores* . . ., it appears that all Fox Rothschild attorneys are and must be disqualified from participating in this case." (Dkt. No. 26 at 5).

As a preliminary matter, the Supreme Court's interpretation of its own rule regarding *pro*

---

[1] The Trustee is also represented in the Bankruptcy Court by Elizabeth A. Chew of Fox Rothschild, LLP (*see* Order Granting Motion to Appear Pro Hac Vice for Elizabeth Ann Chew (Bankr. D.V.I. November 3, 2011), Bankr. Dkt. No. 3437). However, Ms. Chew has not entered an appearance in this matter.

[2] Supreme Court Rule 201 provides, in pertinent part, that:

> No attorney or law firm may appear *pro hac vice* in more than a total of three causes. . . . Extended practice on a *pro hac vice* basis is hereby expressly prohibited and any attorney desirous of undertaking more than three (3) total appearances shall seek regular admission to the Bar in order to share the burdens of local practice.

V.I.S. Ct. R. 201(a)(4).

*hac vice* admissions is not binding on this Court. As the Supreme Court stated in *In re Alvis*, "[the Supreme] Court and the District Court each possess the authority to regulate [their own] respective bars, including the power to establish *pro hac vice* admissions rules." 54 V.I. 408, 414 (V.I. 2010). The Supreme Court "has decided to adopt more stringent standards with respect to *pro hac vice* appearances [than the District Court]." *Id*.

In any event, the Court finds that Mr. Prosser's reliance on *In re Shores*, 59 V.I. 994 (V.I. 2013) is inapt. *Shores* involved petitions for the *pro hac vice* admission of two attorneys from the same law firm. *Id*. at 996. Other attorneys from the same firm had been admitted *pro hac vice* a total of twenty-nine times in proceedings before the Superior Court and the District Court. *Id*. The Supreme Court held that each *pro hac vice* admission by an attorney in the same firm counted against all of the other attorneys in the firm for purposes of the Supreme Court's three admission rule. *Id*. at 998–99. In the posture of the case before it—attorneys seeking *pro hac vice* admission—the Supreme Court found that an equitable waiver of the rule was not appropriate. *Id*. at 999–1003.

By contrast, applications for *pro hac vice* admission are not at issue in this case. As stated above, the Trustee's attorneys have already been admitted *pro hac vice* in the underlying bankruptcy case. Indeed, the Supreme Court has distinguished between applications for *pro hac vice* admission and motions to disqualify already-admitted counsel at a stage of the case that would prejudice their clients. *See In re Alvis*, 54 V.I. 408 (V.I. 2010). In *Alvis*, the Court denied an attorney *pro hac vice* admission for one case because of the "three appearance limit" set forth in Supreme Court Rule 201(a)(4) while simultaneously declining to revoke a prior grant of *pro hac vice* admission to the same attorney in another case because, "given the unique circumstances of [the] case," revocation would prejudice the client. *Alvis*, 54 V.I. at 416.

5

The same is true here. The Trustee in this case would be greatly prejudiced by the disqualification of his already-admitted counsel given the procedural posture of this case. This consolidated appeal comes before this Court after a long and protracted history in the Bankruptcy Court. Since 2008, counsel for the Trustee has handled all aspects of the matters in the Bankruptcy Court, as well as all the adversary proceedings and appeals. As a result, counsel has become "intimately familiar with the legal and factual issues of this case." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1118 (D.N.J. 1993). Thus, to disqualify counsel at this stage of the proceedings would result in "extreme and unfair prejudice" to the Trustee. *Id*. at 1117. This is particularly so because "it is doubtful that [the Trustee] could find capable substitute counsel without substantial delay." *Id*. at 1118. Accordingly, the Court finds that, regardless of how the three-case limitation in Local Rule 83.1(b)(2) might be interpreted, the "drastic measure" of disqualification is inappropriate here.

### III.　CONCLUSION

Under the circumstances of this case, the Court finds that the Trustee will be greatly prejudiced by the disqualification of his already-admitted counsel at this stage of the proceedings. Accordingly, the Court will deny Mr. Prosser's Motion to Disqualify the Trustee's counsel.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Appellant's Motion to Disqualify (Dkt. No. 26) is **DENIED**.

**SO ORDERED.**

Date: July 14, 2015　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge